1

2

3

4                               UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
5                                        AT TACOMA

6    MICHELLE GILBERT,

7                          Plaintiff,              Case No. 3:20-CV-05262-BHS

8         v.                                       ORDER TO SHOW CAUSE, AND
                                                   DENYING MOTION FOR
9    JAMIE MARTINSON,                              APPOINTED COUNSEL

                           Defendants.
10

11        This matter is before the Court on plaintiff's filing of applications for *in forma*

12   *pauperis* status in this matter (Dkts. 6, 8, 10), a proposed complaint (Dkt. 1), and a

13   motion for court appointed counsel. Plaintiff is proceeding in this matter *pro se*.

14   Considering deficiencies in the complaint discussed below, however, the undersigned

15   will not grant IFP or direct service of the complaint at this time. Plaintiff's motion for

16   counsel is denied without prejudice. On or before **October 19, 2020**, plaintiff must either

17   show cause why this cause of action should not be dismissed or file an amended

18   complaint.

19                                        DISCUSSION

20        The Court must dismiss the complaint of a person who requests to proceed *in*

21   *forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or

22   malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks

23   monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

24

25
     ORDER TO SHOW CAUSE, AND DENYING MOTION
     FOR APPOINTED COUNSEL - 1

1 | 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable

2 | basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

3 |      Before the Court may dismiss the complaint as frivolous or for failure to state a

4 | claim, though, it "must provide the *pro se* litigant with notice of the deficiencies of his or

5 | her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin*

6 | *v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr.,*

7 | *Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th

8 | Cir. 1987). On the other hand, leave to amend need not be granted "where the

9 | amendment would be futile or where the amended complaint would be subject to

10 | dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11 |      A plaintiff must allege that he suffered a specific injury as a result of the conduct

12 | of a particular defendant, and he must allege an affirmative link between the injury and

13 | the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

14 | Sweeping conclusory allegations against an official are insufficient to state a claim for

15 | relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

16 |      Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a

17 | complaint to include a short and plain statement of the claim showing that the pleader is

18 | entitled to relief, in order to give the defendant fair notice of what the claim is and the

19 | grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)

20 | (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than

21 | "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of

22 | a cause of action." *Twombly,* 550 U.S. at 555-557.

23 |

24 |

25 |

ORDER TO SHOW CAUSE, AND DENYING MOTION
FOR APPOINTED COUNSEL - 2

1    *Failure to State a Claim*

2    Here, plaintiff alleges that defendant Jamie Martinson, a manager at Reach

3    Community Development, Inc., discriminated against her with respect to her disability.

4    Dkt. 1, at 3. She claims she was disabled as of December 2018, due to physical injury.

5    *Id.* at 5. She appears to be contesting the validity of a judgment of eviction against her,

6    because she was not served with proper notice of the eviction hearing. *Id.* Plaintiff

7    alleges that she was staying in a motel and not in residence when defendant served

8    plaintiff with the eviction notice by mail, and that she was unfairly kept ignorant of the

9    eviction hearing until after the fact. *Id.*; Dkt. 1-1 at 2. She further alleges in her motion

10   for court appointed counsel that defendant retaliated against her for opening a prior

11   lawsuit, but she does not include further facts on that point. Dkt. 1-1, at 2. Plaintiff seeks

12   damages under the Americans With Disabilities Act and "federal statutes," though her

13   complaint suggests claims under the Fair Housing Act. Dkt. 1, at 3, 5.

14   The Americans with Disabilities Act (ADA) prohibits discrimination based on

15   disability in employment, public services (e.g., city and local government programs,

16   state-provided funding), public accommodations (e.g., businesses generally open to the

17   public, recreation facilities), and telecommunications. 42 U.S.C. §§ 12101-12213.

18   Plaintiff's alleged facts do not implicate any spheres protected by the ADA.

19   The Fair Housing Act prohibits discrimination in the sale or rental of any dwelling

20   because of disability. 42 U.S.C. § 3604(f)(1). To state a claim for disparate treatment

21   under the Fair Housing Act (FHA), a complaint must allege: (1) the plaintiff's rights are

22   protected under the FHA; and (2) defendants have engaged in discriminatory conduct

23   by which plaintiffs have suffered a distinct and palpable injury. *See Gamble v. City of*

24

25

ORDER TO SHOW CAUSE, AND DENYING MOTION
FOR APPOINTED COUNSEL - 3

1   *Escondido*, 104 F.3d 300, 304 (9th Cir. 1997) (applying Title VII discrimination analysis

2   to the FHA). To state a claim for retaliation under the FHA, the complaint must allege:

3   (1) the plaintiff engaged in a "protected activity"; and (2) the activity was causally related

4   to defendant's interference with plaintiff, resulting in damages to plaintiff. *See* 42 U.S.C.

5   § 3617; *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

6         Plaintiff's proposed complaint does not supply allegations beyond the bare

7   accusations of discrimination and retaliation. Plaintiff has not alleged facts that supply a

8   causal relationship between defendant's conduct and plaintiff's disability, so without

9   further facts on that issue, the complaint fails to state either ADA or FHA claims.

10         *Subject Matter Jurisdiction*

11         Currently, plaintiff's complaint fails to establish that this court has jurisdiction over

12   her claims. As discussed above, plaintiff has failed to state a claim raising a federal

13   question. Her allegations challenging the sufficiency of her eviction notice may provide a

14   basis to contest the judgment of eviction, but this would be solely based on state

15   statutory requirements of notice. *See* RCW 59.12.030(4).

16         The complaint also appears to assert diversity jurisdiction between plaintiff, a

17   citizen of Washington, and defendant, who works for a corporation based in Oregon.

18   Under 28 U.S.C. § 1332(a), the federal court's diversity jurisdiction extends to "all civil

19   actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

20   between . . . citizens of different States." Yet the named defendant is a citizen of

21   Washington. Furthermore, plaintiff has alleged exactly $75,000 in damages, just short of

22   the requirement. Therefore, plaintiff has failed to state a claim over which this court has

23   subject matter jurisdiction.

24

25

ORDER TO SHOW CAUSE, AND DENYING MOTION
FOR APPOINTED COUNSEL - 4

1     *Motion for Court Appointed Counsel*

2        Plaintiff's motion for counsel is denied without prejudice. Plaintiff has articulated

3 her claims *pro se* in a fashion understandable to this Court. Her allegations, while few,

4 indicate that this is not a complex case in facts or law. If, at a later time in the

5 proceedings, exceptional circumstances would require appointment of counsel then the

6 plaintiff may bring another motion. *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

7 *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

8                     CONCLUSION

9        Due to the deficiencies described above, the Court will not serve the complaint.

10 Plaintiff may show cause why her complaint should not be dismissed or may file an

11 amended complaint to cure, if possible, the deficiencies noted herein, **on or before**

12 **October 19, 2020.** If an amended complaint is filed, it must be legibly rewritten or

13 retyped in its entirety and contain the same case number. Any cause of action alleged in

14 the original complaint that is not alleged in the amended complaint is waived. *Forsyth v.*

15 *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*,

16 *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE, AND DENYING MOTION
FOR APPOINTED COUNSEL - 5

1    **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42**

2    **U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the**

3    ***Pro Se* Information Sheet.**

4

5            Dated this 19th day of August, 2020.

6

7

8

                                    Theresa L. Fricke
                                    United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE, AND DENYING MOTION
FOR APPOINTED COUNSEL - 6