UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE GILBERT,<br><br>    Plaintiff,<br>v.<br>JAMIE MARTINSON,<br><br>    Defendants. | Case No. C20-5262 BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 11, 2020 |

This matter comes before the Court on plaintiff's motion for leave to proceed in forma pauperis. Dkt. 10. Plaintiff is proceeding in this action *pro se*. Plaintiff previously filed a proposed complaint. Dkt. 1. In light of the deficiencies in the proposed complaint, the Court directed plaintiff to show cause why the complaint should not be dismissed or file an amended complaint. Dkt. 11.

Plaintiff filed a proposed amended complaint. Dkt. 12. For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends the Court deny plaintiff's application for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff original proposed complaint alleged that Jamie Martinson, a manager at Reach Community Development, Inc., violated the Americans with Disabilities Act. Dkt. 1 at 2, 3. Plaintiff contends that in December of 2018 she injured her back from lifting

REPORT AND RECOMMENDATION - 1

moving boxes. Dkt. 1 at 5. Plaintiff's complaint also appeared to be contesting the validity of a judgment of eviction against her, because she was not served with proper notice of the eviction hearing. Dkt. 1 at 5. She elaborated that at the time she was staying in a motel and was not given notice of the hearing. *Id.*

Along with her proposed complaint, plaintiff filed a motion for appointment of counsel. Dkt. 1-1. Plaintiff's motion for appointment of counsel alleged that she had previously attempted to hire an attorney but was denied the service of an attorney because defendant retaliated against her when she filed a lawsuit. Dkt. 1-1 at 2. Plaintiff's motion does not explain how anyone retaliated against her.

The Court ordered plaintiff to show cause why her complaint should not be dismissed or file an amended complaint. Dkt. 11 at 3-4. The Court's order informed plaintiff that her complaint failed to state a claim under the Americans with Disabilities Act, or the Fair Housing Act and that plaintiff's proposed complaint failed to establish that the Court has subject matter jurisdiction over her claims. Dkt. 11 at 4. The Court also denied plaintiff's motion for appointment of counsel without prejudice. *Id.* at 5.

Plaintiff filed a proposed amended complaint. Dkt. 12. Plaintiff's proposed amended complaint alleges claims against Jamie Martinson, the manager for Reach Property, and William Edger, an attorney from Oregon. Dkt. 12 at 2. The proposed amended complaint alleges claims under 42 U.S.C. § 1983 for breach of contract and medical negligence. Dkt. 12 at 6. The proposed amended complaint states that the defendants promised to help plaintiff pack and unpack but did not actually help her -- causing plaintiff to injure her back. Dkt. 12 at 6. Plaintiff claims that the defendants' actions caused a damaged disc in plaintiff's back that cannot be corrected. Dkt. 12 at 7.

Plaintiff requests that the Court vacate a previous judgment because she was not provided notice of the hearing. Dkt. 12 at 7.

## DISCUSSION

The Court must dismiss the complaint of an individual proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. §1915A(a), (b).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (1988). This lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

A. <u>42 U.S.C. § 1983</u>

Plaintiff's proposed amended complaint alleges that she is bringing claims under 42 U.S.C. § 1983. This Court should hold that plaintiff's proposed amended complaint fails to state a claim under Section 1983 and should be dismissed without prejudice.

. 42 U.S.C. Section 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and

REPORT AND RECOMMENDATION - 3

(2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Plaintiff's proposed amended complaint names two private individuals and does not identify any person acting under color of state law that purportedly harmed plaintiff. Dkt. 12 at 2. Additionally, plaintiff's complaint fails to identify how any defendant violated plaintiff's federally protected rights.

B.  Subject Matter Jurisdiction

Plaintiff's complaint also fails to establish that the Court has subject matter jurisdiction to hear this matter.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) A short and plaint statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Pursuant to 28 U.S.C. § 1331, the district courts have subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. Pursuant to 28 U.S.C. § 1332(a), district courts have subject matter jurisdiction over civil actions where, "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest

REPORT AND RECOMMENDATION - 4

and cost, and is between (1) Citizens of different States […]" Finally, under 28 U.S.C. 1367, in a civil action where the district court has original jurisdiction, "the district court shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

As has been discussed, plaintiff's complaint fails to state a viable claim under Section 1983. Aside from the Section 1983 claim, plaintiff's proposed amended complaint appears to raise only state law claims – breach of contract and medical negligence. Dkt. 12 at 6. Additionally, plaintiff's complaint does not identify a Constitutional right or federal statute that has purportedly been violated. Accordingly, plaintiff's complaint fails to establish subject matter jurisdiction under 28 U.S.C. § 1331.

Next, plaintiff states that she is a resident of Washington. Dkt. 12 at 1. The proposed amended complaint raises a claim against Jamie Martinson, a resident of Washington. *Id.* at 2. This lack of diversity between the parties precludes jurisdiction under 28 U.S.C. § 1332(a).

Based on the allegations in plaintiff's proposed complaint, it appears that the Court lacks the subject matter jurisdiction to hear this matter. Accordingly, the Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff has already been granted the opportunity to state a viable claim by filing an amended complaint – but plaintiff's proposed amended complaint fails to cure the defects identified in the order to show cause. Plaintiff's amended complaint fails to state a cognizable claim under Section 1983 and fails to establish that the Court has subject

matter jurisdiction to hear this matter. Accordingly, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* should be denied and plaintiff's complaint dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, plaintiff shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **December 11, 2020**, as noted in the caption.

Dated this 25th day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge